Before we turn to our argument calendar, we have a motion calendar. Only one of those motions is being argued, so I will turn to those parties first. National Association, Senate AACP versus East Ramapo Central School District, I believe. And we'll hear from the National Association. Is that you? That is. Go on. Good morning, and may it please the Court. I represent Plaintiff Appali, who brought suit against the East Ramapo Central School District because its elections to the school board violate the Voting Rights Act. Three members of the school board, who are not defendants in this case, have refused to comply with district court orders directing them to testify. What is your motion before us today? It's a motion to dismiss, Your Honor, for lack of jurisdiction. To dismiss the appeal? Yes, Your Honor. But there's an appeal pending, right? As soon as the notice of appeal was filed, we filed a motion to dismiss for lack of jurisdiction. Not in that case, but before us on our motion panel. Yes. Okay, continue. Three members of the school board, who are not defendants in this case, have refused to comply with district court orders directing them to testify at deposition regarding non-legislative activities. Because the school board and the district claim that the school board members are utterly immune from testifying in this case whatsoever regarding their legislative or non-legislative activities. Likewise, they claim that they are entitled to immediately appeal that discovery order to this court because of that same claim of immunity. The district and non-party board members position They're not parties to the action. They are not, Your Honor. Their positions turn discovery on its head, and it would allow witnesses to obstruct and delay any relevant discovery or pretrial proceedings simply because they hold a position in government. As courts have explicitly and repeatedly held, non-party legislators can be called to testify about their non-legislative activities, just like any other witness. This court should dismiss for three reasons. First, this court has conclusively and repeatedly held that it lacks jurisdiction over discovery orders unless there is also an order of contempt. Second, legislative immunity Ripeness argument? Pardon? It's a ripeness argument? We also have a ripeness argument, Your Honor, but this Until they are held in contempt, right? So that would make it not ripe. Correct. No one has been held in contempt. They have not submitted themselves to contempt, and therefore this court simply does not have jurisdiction over a discovery order. Second, legislative immunity does not apply in this case. Legislative immunity protects defendant legislators for their legitimate legislative activities. Here, the board members are not defendants and do not face any civil liability. And third, any claim by the board members that their testimony is barred by the legislative privilege, which is a testimonial privilege protecting information relating to legitimate legislative activity, also does not apply here and in any event is premature because the depositions have not occurred yet, and the district court's discovery order compelled the board members to only testify regarding non-legislative activities. To the extent that any line of questioning delves into potentially privileged material, the board members and the district can object at that time, but at this time, to issue a blanket objection to any testimony whatsoever is premature and inappropriate. The board members concede that they have relevant, non-privileged information relating to the topics that the district court has ordered them to testify about. They have produced documents relating to those same topics that they have classified as non-privileged, and yet now they refuse to testify regarding either those topics or the documents that they have produced. The district and board members claim here that legislators, regardless of whether they're defendants, regardless of whether the order actually implicates legislative activities, means that they're utterly and completely immune from providing any testimony in a Voting Rights Act case is facially absurd. Legislators frequently provide testimony in Voting Rights Act cases. Here, the plaintiffs have deposed two other board members and a former board member. Those board members were represented by the same counsel who's representing these board members here today. Not a single privilege objection was issued during any of those depositions. Because the board member and the district have improperly appealed a discovery order on the basis of a frivolous claim of immunity, this court should dismiss, and I would like to reserve the remainder of my time. Thank you. Before I call you to the podium, I neglected to announce that Judge Winter is joining us by telephone. He's not on the video, but he is there. So if you hear him attempt to ask a question, please stop what you're saying. Counsel, you may take the podium. Thank you. Thank you. Good morning, Your Honors. My name is Randall Levine. I am here for the appellants, the individual board members of the East Ramapo Central School District. What's important to set out at the outset is that there are two motions before the court, both of which turn on just one issue, which is only whether the court has jurisdiction even to entertain the board members' arguments. Below, the district court ordered that the board members would have to appear and give compelled testimony about what we contend are clearly legislative matters, the board's response to community members' complaints, and also the board's internal deliberations about appointing new members to vacant seats on the board. The board members have asserted an objection of legislative immunity from that compelled testimony. It's well settled in this and other circuits that legislative immunity bars not just liability, but also bars all discovery of immune board members or other legislators. The district court overruled the legislative objection. As in all other instances where an immunity objection is overruled, whether at the discovery stage or on motion for summary judgment, under the collateral order doctrine, this court has jurisdiction to review that decision immediately and on an interlocutory basis. And the reason for that is well settled, because if a legislator has legislative immunity, or if a member of the executive branch has qualified immunity, for example, the immunity is immunity from suit. And suit includes all compelled process, including compelled testimony. And once that bell is rung, it can't be unrung. If the district court were to actually compel and the board members were actually to appear for depositions, all of the benefits of immunity would be lost. That's why the collateral order doctrine applies here. And it applies very, very clearly. And you made these arguments to the court below, correct? Correct. We made these arguments to the court below in different stages. Not this particular argument about jurisdiction, although it did come up. The question I have is why this motion isn't heard on the court that's hearing the appeal? I think that's a very good question, Your Honor. I have the same question. Do you move to expedite the appeal? I did not, although I wouldn't oppose such a motion. I would understand why it would perhaps be necessary. The other side, which is moving to dismiss the appeal, is not likely to move to expedite. It seems to me if anybody has an interest in expediting the appeal, it would be your side. But you've not moved, right? We've not moved to expedite the appeal. In fact, this motion to dismiss was filed almost immediately after we filed the notice of appeal, which stayed all briefing schedules on the merits anyways. And so we've simply been briefing the issue just of whether the court has jurisdiction. And the question of jurisdiction, as you've noted, is just inextricably intertwined with the question on the merits. Because whether or not the board members have a legitimate claim of immunity is the merits question. At the same time— That's why it should be before the merits panel and not necessarily here before a motions panel. Yes, Your Honor. That's what we think is the appropriate course here, is that because jurisdiction and the merits are intertwined, the questions should both be transferred to the merits panel and decided on full briefing and with a full argument on an ordinary schedule or an expedited schedule, if that's what the appellees would want to do. Either way, clearly this is a merits question that deserves a decision on the merits by the merits panel. If there's no further questions, then I'll take a seat. I have a question for opposing counsel. Are you in favor of expediting the appeal and hearing both the issue that you raised in this motion and the merits at the same time as soon as possible? Your Honor, to the extent that this court decides it has jurisdiction and denies our motion to dismiss, we'd be happy to expedite the appeal. We've been trying to depose these board members for over a year now, so our concern is very much that this issue be taken care of quickly. But as a threshold issue, this court has ruled in other similar cases that just because of a baseless claim of immunity— and here, again, the board members are not immune from providing any pretrial discovery. They've already provided pretrial discovery by providing documents in this case, and they are not defendants and are not civilly liable. So their issue, truly, is legislative privilege, which is premature to argue at this time. Are you in favor of expedition of this appeal? Again, Your Honor, to the extent that this court deems that it has jurisdiction over this case, we would be in favor of expediting. Thank you both. We'll reserve decision, but get out a decision as soon as possible. Thank you.